**James H. THOMAS, Plaintiff–Appellant,**

v.

**UNITED STATES of America, Defendant–Appellee.**

No. 03–35521.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 15, 2004.*

Decided Oct. 25, 2004.

G. Jefferson Campbell, Jr., Esq., Medford, OR, for Plaintiff–Appellant.

James L. Sutherland, AUSA, USEU—Office of the U.S. Attorney, Eugene, OR, for Defendant–Appellee.

Before: WALLACE, GOULD, and BERZON, Circuit Judges.

### MEMORANDUM **

Thomas appeals from a judgment in favor of the United States in this action which was brought pursuant to the Federal Tort Claims Act (FTCA). 28 U.S.C. § 2671 *et seq.* He contends that the magistrate judge clearly erred in not finding excessive force was used and erred in not concluding he was illegally seized. The district court had jurisdiction pursuant to 28 U.S.C. § 1346(b), and we have jurisdiction over this timely filed appeal pursuant to 28 U.S.C. § 1291. We affirm.

The magistrate judge correctly reasoned that Thomas's claim pursuant to the FTCA depended upon Oregon law governing a

---

\* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

police officer's use of force. *See Aguilar v. United States,* 920 F.2d 1475, 1477 (9th Cir.1990). Here, the magistrate judge specifically found that "Thomas was the aggressor in the confrontation," a finding that was not clearly erroneous. Oregon law therefore allowed Carter to use physical force in self-defense. *See* OR.REV.STAT. § 161.235(2). Further, the magistrate judge did not clearly err in crediting the testimony of Officer Carter over that of Thomas and Price, and concluding on the basis of that testimony and other evidence, that "Officer Carter's use of force in the situation was appropriate and he did not use excessive force. His use of force was reasonable and necessary under the circumstances and was done in self-defense." Under Oregon law, on the facts as found, there was no tort committed by Carter.

The magistrate judge did not address the specific question of whether Thomas had been "seized" within the meaning of the Fourth Amendment. As Oregon law makes no reference to federal constitutional standards, we do not decide whether an illegal seizure occurred as defined by the Fourth Amendment.

AFFIRMED.

